David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
David@GingrasLaw.com

Attorney for Plaintiff
Andreous Theoklis

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Andreous Theoklis, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NET Holding A.Ş., a Turkish Joint Stock Corporation, and<br>Merit Turizm Yatirim ve Işletme A.Ş., a Turkish Joint Stock Corporation<br><br>Defendants. | Case No._____<br><br>**COMPLAINT FOR:**<br>**1.) DECLARATORY RELIEF LANHAM ACT, 15 U.S.C. §1114(2)(D)(iv) and §1125 (a) and**<br>**2.) REVERSE DOMAIN NAME HIJACKING ANTICYBERSQUATTING CONSUMER PROTECTION ACT,**<br>**15 U.S.C. § 1114(2)(D)(v) and §1125(d)** |

For his Complaint, Plaintiff Andreous Theoklis ("Theoklis") alleges as follows:

**NATURE OF THE CONTROVERSY/JUDISCTION/VENUE**

1.      This is a civil action for Declaratory Judgment under the Lanham Act, 15 U.S.C. §§ 1114(a) and 1125(a); and reverse domain name hijacking in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1114(2)(D)(v) (the "ACPA").

2.      This Court has personal jurisdiction over Defendant as it consented to jurisdiction by this court in selecting "Registrar" as "Mutual Jurisdiction" for resolution of this matter, in a Complaint filed with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

GINGRAS LAW OFFICE, PLLC<br>4802 E. RAY ROAD, #23-271<br>PHOENIX, AZ 85044

3.    Venue in this Court exists as the office of the Registrar of the domain name, Namecheap Inc., is located in Phoenix, Maricopa County, Arizona, and, pursuant to 28 U.S.C. § 1391(b)(1) and (c), as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4.    Plaintiff, Andreous Theoklis, is an individual citizen of Greece residing in Larnaca, Cyprus.

5.    On information and belief, Defendant NET Holding A.Ş., is a Turkish Joint Stock Corporation, and Defendant Merit Turizm Yatirim ve Işletme A.Ş., is a Turkish Joint Stock Corporation, both having an address of Etiler Mah. Bade Sok. No: 9 34337 Etile Beşiktaş / İSTANBUL Turkey.

## FACTS COMMON TO ALL CLAIMS

6.    This is an action for Declaratory Judgment and other statutory remedies under the Lanham Act and the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. §1125(d). Plaintiff is the registrant of the internet domain name Merit.bet. The domain name has been "locked" by the registrar, Namecheap Inc., and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendants, which claim trademark rights with respect to the term "MERIT" and the domain name Merit.bet. Plaintiff seeks a determination by this Court that its registration and/or use of Merit.bet is not, and has not been in violation of the ACPA and that Plaintiff's use of Merit.bet constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA

7.    This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges it is the owner of a trademark and assert spurious claims of trademark infringement and trademark dilution against the owner of a domain name whose chosen domain name is similar or identical to the registered trademark. Defendants are attempting to wrest control of Plaintiff's domain name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

2

8. Plaintiff is in the business of acquiring and using for lawful business purposes, various generic domain names as and when they become available, for development or investment purposes.

9. The disputed Domain Name Merit.bet was originally purchased by the Plaintiff for a cost of $1,338 in December 2024. The price paid by the Plaintiff was a "premium" price well above ordinary .bet domain name registration fees, due to the fact that "Merit" is a short, memorable dictionary word. Accordingly, the .bet domain name registry designated Merit.bet as a "premium" domain registration.

10. Plaintiff is in the business of registering domain names and either developing them or holding them for sale or lease. Plaintiff is the registrant of many domain names corresponding to non-distinctive and non-exclusive dictionary words and phrases.

11. On February 26, 2026, Defendants jointly filed a Complaint thereby initiating an arbitration proceeding against Plaintiff with the World Intellectual Property Organization (WIPO) in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") incorporated into the domain registration contract between the registrar and the Plaintiff concerning the domain name Merit.bet.

12. In the UDRP Complaint, the Defendants falsely alleged the Plaintiff to be identical to other parties named in UDRP Complaint, who had registered other domain names alleged to violate rights claimed by the Defendants, and falsely conflated and attributed to the Plaintiff actions of parties unknown and unrelated to the Plaintiff.

13. On April 29, 2026, WIPO notified the parties and the registrar that the panel assigned to the case rendered a decision requiring the transfer all of the domain names listed in the Complaint, including Plaintiff's Merit.bet domain to Defendants. (WIPO Arbitration and Mediation Center  Case No. D2026-0852). A copy of the decision is attached as EXHIBIT A and is incorporated by reference. As of the date of the filing of this complaint, the registrar has indicated its intention to implement the decision on April 13, 2026, absent an action filed by the Plaintiff in this judicial district.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

3

14. In the UDRP Complaint, Defendants admitted they "will submit, with respect to any challenges that may be made by the Respondents to a decision by the Administrative Panel to transfer the Domain Names that are the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned Registrars." The Administrative Panel did issue such a decision, and thus Defendants are bound by their admission to the jurisdiction of this judicial district, which is the location of the principal office of the registrar, Namecheap Inc..

15. Due to the ordered transfer of the domain name to the Defendant pursuant to the WIPO decision, Plaintiff is now forced to bring this action to protect his rights in the domain name. Plaintiff has retained counsel and incurred substantial fees and costs to bring this suit.

16. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term Merit.bet as his domain name violates any trade or service mark rights under any Federal or state law.

17. At all times, Plaintiff utilized the domain name in a bona fide manner for bona fide purposes.

18. Plaintiff did not provide material and misleading false contact information when applying for the registration of the domain name. Plaintiff did not fail to maintain accurate contact information with respect to the domain name in question or with respect to any other domain name.

19. Plaintiff's use of Merit.bet as his chosen domain name is a fair or otherwise lawful use of the term.

20. Because of the actions of Defendant Plaintiff faces losing valuable rights in his Internet domain name.

///

///

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment
### Lanham Act, 15 U.S.C. §§ 1114(2)(D)(v) & 1125(a)

21. Plaintiff incorporates by reference the factual allegations set forth in Paragraphs 6 through 20 above.

22. The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant, including the reactivation of the domain name. 15 U.S.C.§ 1114(2)(D)(v).

23. Section 1114(2)(D)(v) provides a registrant who is threatened with the loss of its domain name under the UDRP with a cause of action for an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

24. Neither Defendant has a registered U.S. Trademark to which the domain name Merit.bet is identical or confusingly similar.

25. Neither Defendant sells any goods or provides any services in the United States or in interstate commerce under any trade or service mark which is identical or confusingly similar to the Merit.bet domain name

26. Neither Defendant has a trade or service mark cognizable under the Lanham Act or under Section 1125 of Title 15 of the US Code.

27. Plaintiff did not register the domain name Merit.bet with the registrar Namecheap Inc. in this judicial district with the bad faith intent to profit from any US trade or service mark right of defendant.

28. Plaintiff is entitled to have the unencumbered use of the domain name Merit.bet and to have the domain name reactivated and to have any and all suspensions or transfers terminated and prohibited.

29.    Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of its Domain Name, Merit.bet, the potential transfer of the Domain Name to Defendant will damage Plaintiff irreparably.  Plaintiff has no adequate remedy at law.

30.    Plaintiff reasonably believes Defendants have actual knowledge of their lack of relevant trade or service mark rights in the United States, and that Defendants nonetheless proceeded with the UDRP Complaint and admission to the jurisdiction of this Court.  Defendants willful acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

31.    Alternately, Plaintiff is entitled to elect statutory damages instead of actual damages and profits, pursuant to 15 U.S.C. §1117 (d).

### SECOND CLAIM FOR RELIEF
### Anticybersquatting Consumer Protection Act (ACPA)
### 15 U.S.C. § 1125(d) and § 1114(2)(D)

32.    Plaintiff incorporates by reference the factual allegations set forth in Paragraphs 6 through 32 above.

33.    15 U.S.C. § 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

34.    Section 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act." Under this section, a "court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name back to the domain name registrant."

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

6

35.    Plaintiff's registration and use of the domain Name Merit.bet was not unlawful under Title 15, United States Code, § 1114(2)(D)(v) or §1125(d).

**WHEREFORE**, Plaintiff Andreous Theoklis, Inc., prays for judgment against Defendants as follows:

A.    For a declaration by the Court, that Defendants have no trademark rights in the domain name that are subject to protection in the United States;

B.    For a declaration by the Court, pursuant to 15 U.S.C. § 1114(2)(D)(iv)(v), Plaintiff is entitled to registration, ownership and use of the domain name Merit.bet;

C.    For a declaration by the Court, pursuant to 28 U.S.C. § 2201, Plaintiff's registration of the Domain Name is lawful and does not infringe on any trade or service mark right the Defendants may claim in the United States;

D.    For a declaration by the Court that Defendants have attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration.

E.    Damages according to proof at trial;

G.    Cost and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys fees; and

H.    For such other and further relief as this Court deems just and proper.

DATED: May 11, 2026.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
Attorney for Plaintiff
Mira Holdings, Inc.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

7

**JURY DEMAND**

Demand for Jury Trial Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues so triable.

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044