FAEGRE DRINKER BIDDLE & REATH LLP
Kathryn E. Bettini (No. 032568)
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
Telephone: (480) 643-1850
E-mail: kathryn.bettini@faegredrinker.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Andreous Theoklis, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NET Holding A.Ş., a Turkish Joint Stock Corporation, and Merit Turizm Yatirim ve Işletme A.Ş., a Turkish Joint Stock Corporation,<br><br>Defendants. | No. CV-26-03318-PHX-ROS<br><br>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

**MOTION**

Defendants NET Holding A.Ş. ("Net Holding") and Merit Turizm Yatirim ve İşletme A.Ş. ("Merit Turizm" and, together with Net Holding, "Defendants") respectfully move to dismiss Plaintiff Andreous Theoklis's Complaint (5/11/2026) (Dkt. No. 1) pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim upon which relief can be granted. This Motion is supported by the following memorandum of law.

**MEMORANDUM**

**Introduction**

In this action, Plaintiff, a Greek citizen residing in Cyprus, seeks to prevent transfer of the <merit.bet> domain (the "Domain Name") following a successful proceeding under the Uniform Domain Name Dispute Resolution Policy ("UDRP") initiated by two Turkish Joint Stock Corporations. Though the bare-bones, seven-page Complaint leaves much to be desired in the way of clarity, Plaintiff appears to assert two related, but distinct, reverse domain name hijacking claims against Defendants: (1) a claim pursuant to 15 U.S.C. § 1114(2)(D)(v),

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

seeking a declaration that Plaintiff's registration of <merit.bet> was not unlawful under the Anticybersquatting Consumer Protection Act ("ACPA"); and (2) a claim for fraud in domain name proceedings pursuant to 15 U.S.C. § 1114(2)(D)(iv), seeking damages and related remedies. For the reasons set forth herein, the Complaint is overreaching in the remedies it seeks and otherwise fails to state claims for which relief can be granted.

In particular, Plaintiff has not alleged that Defendants made a knowing and material misrepresentation concerning the Domain Name, nor that any such misrepresentation caused the WIPO Panel's allegedly erroneous decision. Both elements are required to state a plausible claim under 15 U.S.C. § 1114(2)(D)(iv). Plaintiff's second claim fares no better, as the Complaint fails to plausibly allege that Plaintiff has not registered a domain name that is identical or confusingly similar to Defendants' distinctive mark, nor that he lacked bad-faith intent to profit from that mark. In addition, Plaintiff's Complaint seeks remedies to which he is not entitled under either claim, including statutory damages and broad declarations concerning Defendants' trademark rights and supposed interference with the Domain Name. Thus, even if Plaintiff had stated plausible claims for relief (and he has not), the Court should dismiss the claims to the extent they seek relief that is not available.

## Factual Background

### A. Plaintiff's Registration Of The <merit.bet> Domain Name.

Plaintiff, Andreous Theoklis, is an individual citizen of Greece residing in Larnaca, Cyprus. [Compl. ¶ 4] Plaintiff alleges that he is "in the business of registering domain names and either holding them for sale or lease," and that he purchased the <merit.bet> domain in December 2024. [*Id.* ¶¶ 8–10] According to Plaintiff, he paid a premium price for this domain, due to the fact that "Merit" is "a short, memorable dictionary word." [*Id.* ¶ 9] Plaintiff alleges he is the registrant of many domain names corresponding to non-distinctive and non-exclusive dictionary words or phrases. [*Id.* ¶ 10]

### B. Defendants' Trademark Registrations In The U.S. And Abroad.

NET Holding is a leading Turkish company in the hospitality, casino, gaming and betting sectors, and Merit Turizm is one of its subsidiaries. [*Id.*, Ex. A (Dkt. No. 1-1) at 2]

Net Holding is the world's eighth-largest casino operator, and has provided a variety of entertainment services, land-based gambling services, and news reporting services under its MERIT trademarks since at least as early as 1996. [*Id.*] Defendants provide these services in multiple countries.

Though highly relevant to this proceeding, the Complaint is silent with respect to Defendants' rights in the MERIT trademark in both the United States and abroad as of the date of Plaintiff's acquisition of the <merit.bet> domain. The Court, however, may take judicial notice of the existence of these records, as well as the filing dates, status, applicants, and marks contained therein, in considering the motion to dismiss. *See*, *e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information "made publicly available by government entities"); *Metro Pub., Ltd. v. San Jose Mercury News*, 987 F.2d 637, 641 (9th Cir. 1993), *abrogated in part on other grounds by Roe v. Anderson*, 134 F.3d 1400 (9th Cir. 1998) (taking judicial notice of trademark registrations from the principal register because such records are not subject to "reasonable dispute"); *Threshold Enters. Ltd. v. Pressed Juicery*, *Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."); *Farrelly v. Polarclad, Inc.*, 2011 WL 5864080, at *2 (N.D. Cal. Nov. 22, 2011) (taking judicial notice of foreign trademark records available through simple search of WIPO's official website).

Merit's trademark filings long predate Plaintiff's alleged acquisition of <merit.bet> in December 2024. Merit Turizm owns Turkish Registration No. 171909 for MERIT INTERNATIONAL, with a February 1, 1996 priority date, covering services in Classes 39, 41, and 42, including entertainment. [Ex. A] NET Holding obtained EUIPO Registration No. 016172389 for MERIT ROYAL HOTEL & CASINO & SPA, with a December 15, 2016 priority date, covering goods and services in multiple classes, including gambling, gambling services, and online gambling services. [Ex. B] And, in October 2024, Merit Turizm obtained International Registration No. 1826664 for its stylized MERIT service mark, shown below, consisting of the word "MERIT" in gold below a blue-and-gold star design in the shape of a

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

cross. [Ex. C] These are just illustrative examples of a much broader, worldwide trademark portfolio.

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

On October 18, 2024—two months before Plaintiff alleges he acquired the <merit.bet> domain—Merit Turizm filed an application to register its stylized MERIT trademark in the United States Patent and Trademark Office pursuant to Section 66(a) of the Lanham Act for *Entertainment, namely, casino gaming, casino services in the nature of providing casino facilities, casino gambling, online gaming services in the nature of live games of chance to be played in online casinos* in Class 041 and *Providing temporary accommodation services; reservation of temporary accommodation* in Class 043 based on its International Registration No. 1826664. [Ex. D] Merit Turizm's U.S. extension claimed a priority date of October 1, 2024 pursuant to Section 67 of the Lanham Act.[1] The USPTO later registered the mark on the Principal Register as U.S. Registration No. 8,349,962 on July 21, 2026. [*Id.*]

**C. The UDRP Proceedings.**

In February 2026, NET Holding and Merit Turizm initiated WIPO UDRP Case No. D2026-0852 concerning <merit.bet>, registered in the name of Plaintiff Andreous Theoklis,

[1] A Madrid Protocol request for extension of protection to the United States is treated by the USPTO as a Section 66(a) application, and, upon registration, as a Section 66(a) registration. 37 C.F.R. § 7.25(b), (c). Section 67 of the Lanham Act permits the holder of an international registration requesting extension of protection to the United States to claim a Paris Convention priority date where the U.S. extension request contains a priority claim and the international registration date or recordal date of the U.S. extension request falls within six months of the priority filing. 15 U.S.C. § 1141g.

with Arnica Solutions LTD listed in the registrar data as the associated organization, and four other "Meritbet" domains listed under other nominal registrants. [Compl., Ex. A at 1] The amended UDRP complaint alleged that the disputed domains were under common control and were being used either to offer gambling or betting services under the "Meritbet" brand or to redirect users to such websites, while incorporating the MERIT mark and, in several instances, copying or closely imitating Defendants' cross-logo design and related trade dress. [*Id*. at 2–3]

Plaintiff objected to consolidation and denied bad faith, asserting that "Merit" is a dictionary term and that he acquired <merit.bet> at auction in the ordinary course of domain-name investing "to hold a premium generic asset, improve its positioning, and ultimately sell it." [*Id*. at 3] The Panel rejected that explanation as unsupported and unconvincing, reasoning that "merit" was not being used on the website in its dictionary sense, but instead in a brand sense in competition with Defendants. [*Id*. at 6] The Panel also noted that Arnica Solutions LTD filed Brazilian Trademark Application No. 940596385 for a MERITBET device mark on August 14, 2025, and that the applied-for mark incorporated a close replica of Defendants' cross logo, which the Panel viewed as further evidence of targeting. [*Id*.] On April 29, 2026, the Panel ordered all five disputed domain names, including <merit.bet>, transferred to Defendants. [*Id*. at 7]

**D. The Allegations In The Complaint.**

On May 11, 2026, Plaintiff commenced this action in the United States District Court for the District of Arizona, the location of the concerned registrar. Plaintiff does not allege any cognizable trademark rights of his own in the United States nor any connection to the United States apart from the location of the registrar, but asks the Court to declare that "its registration and/or use of Merit.bet is not and has not been in violation of the ACPA and that Plaintiff's use of Merit.bet constitutes neither infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA." [Compl. ¶ 6] The Complaint appears to assert claims for fraud in domain name proceedings and reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(iv) and 15 U.S.C. § 1114(2)(D)(v).

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

In support of his claims, Plaintiff alleges that he “utilized the domain name in a bona fide manner for bona fide purposes,” “did not provide material and misleading false contact information when applying for the registration of the domain name,” and “did not fail to maintain accurate contact information with respect to the domain name.” [Compl. ¶¶ 17–18] Plaintiff also alleges his use of <merit.bet> is a fair or otherwise lawful use of the term. [*Id.* ¶ 19] Plaintiff further alleges that Defendants “falsely alleged the Plaintiff to be identical to other parties named in UDRP Complaint, who had registered other domain names alleged to violate rights claimed by the Defendants, and falsely conflated and attributed to the Plaintiff actions of parties unknown and unrelated to the Plaintiff.” [*Id.* ¶ 12]

As to Defendants’ trademark rights, the Complaint omits Defendants’ U.S. trademark application, which was pending as of Plaintiff’s acquisition of the <merit.bet> domain and the date the Complaint was filed, and instead alleges that “[n]either Defendant has a registered U.S. Trademark to which the domain name merit.bet is identical or confusingly similar” and that “[n]either Defendant sells any goods or provides any services in the United States or in interstate commerce under any trade or service mark which is identical or confusingly similar to the Merit.bet domain name.” [*Id.* ¶¶ 27–28]

**E. Plaintiff’s Trademark Registrations And Applications.**

Notwithstanding Plaintiff’s allegations in the Complaint that he did not act in bad faith in purchasing the <merit.bet> domain, public trademark records of the United Kingdom Intellectual Property Office show that Arnica Solutions LTD, Plaintiff’s organization, filed UK Application No. UK00004240323 on or about July 28, 2025 seeking to register a stylized MERIT trademark nearly identical to the stylized MERIT trademark reflected in Defendants’ International Registration (and U.S. application), as shown below, for *Entertainment services; Gambling services; Game services; Gaming machine entertainment services; Online entertainment services*. [Ex. E]

MERITBET

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

Additionally, on March 31, 2026, despite the ongoing WIPO proceeding against Plaintiff and his company Arnica Solutions LTD, Arnica Solutions filed UK00004366056 for the word mark MERITBET in Class 41, covering casino, gaming, gambling, betting, lottery, poker, online casino, sports betting, and entertainment services. [Ex. F]

## Legal Standard

To survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Put differently, the "plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). While factual allegations in the complaint are assumed true, "a court should not accept as true 'allegations that contradict matters properly subject to judicial notice,' nor 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *GovernmentGPT Inc. v. Axon Enterprise Inc.*, 769 F. Supp. 3d 959, 977 (D. Ariz. 2025) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

## Argument

### I. PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1114(2)(D)(IV) FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

To state a claim for fraud in domain name proceedings under 15 U.S.C. § 1114(2)(D)(iv), Plaintiff must plead that Defendants (1) made a "'knowing and material misrepresentation . . . that a domain name is identical to, confusingly similar to, or dilutive of a mark' and (2) this misrepresentation caused a registration authority to transfer, disable, or cancel the domain name." *IFIXITUSA LLC v. iFixit Corp.*, No. CV-21-00887-PHX-DGC, 2022 WL 2117845, at *6 (D. Ariz. June 13, 2022) (internal citation and quotation marks omitted). Because a § 1114(2)(D)(iv) claim sounds in fraud, it is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. See *Dent v. Lotto Sport Italia S.p.A.*, No. CV-17-00651-PHX-ROS, 2018 WL 11318189, at *2 (D. Ariz. Feb. 12, 2018) (describing a

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

violation of 15 U.S.C. § 1114(2)(D)(iv) as "commit[ting] fraud in the domain dispute proceeding"). Accordingly, Plaintiff must plead the alleged misrepresentation with particularity, including the "who, what, when, where, and how of the misconduct charged." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (citation and internal quotation marks omitted).

Here, under even the most liberal reading of the Complaint, only two allegations can be construed as attempting to allege a misrepresentation: (1) that "Defendants falsely alleged Plaintiff to be identical to other parties named in the UDRP Complaint" and "falsely conflated and attributed to the Plaintiff actions of parties unknown and unrelated to the Plaintiff"; and (2) that "Defendants have actual knowledge of their lack of relevant trade or service mark rights in the United States" but nonetheless proceeded with the UDRP Complaint. [Compl. ¶¶ 12, 30] Plaintiff does not allege that Defendants' allegedly false allegation concerning Plaintiff's relationship with other parties was a *knowing* misrepresentation, and neither allegation concerns whether <merit.bet> is identical to, confusingly similar to, or dilutive of a mark. As such, Plaintiff's allegations are insufficient to state a claim for relief for fraud in the domain dispute proceeding as a matter of law. *See Dent*, 2018 WL 11318189, at *2 (dismissing claim where plaintiff alleged only a misrepresentation concerning its intent, and explaining that the plain language of § 1114(2)(D)(iv) covers only misrepresentations about whether the domain name is identical, confusingly similar to, or dilutive of a mark). Moreover, Plaintiff does not allege, even in conclusory fashion, that either purported misrepresentation by Defendants caused the WIPO panel to transfer, disable, or cancel Plaintiff's domain name. *See IFIXITUSA LLC*, 2022 WL 2117845, at *6 (explaining § 1114(2)(D)(iv) includes a causation requirement, such that the plaintiff must plead that WIPO's poor decision was made based on the defendant's alleged knowing and material misrepresentation). Accordingly, Plaintiff has failed to state a claim under the plain language of 15 U.S.C. § 1114(2)(D)(iv), and the claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

## II. PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1114(2)(D)(V) FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Plaintiff likewise fails to state a claim for a declaration of reverse domain name hijacking. To state a claim under § 1114(2)(D)(v), Plaintiff must plausibly allege that his registration or use of <merit.bet> did not violate the ACPA, which requires him to plead (1) that he did not register, traffic in, or use a domain name identical or confusingly similar to a distinctive mark, or (2) that he lacked a bad-faith intent to profit from that mark. *Smith v. Airbnb Inc.*, No. CV-23-02541-PHX-SMM, 2024 WL 5166340, at *2 (D. Ariz. Dec. 18, 2024). Here, Plaintiff fails to plausibly plead either.

### A. Plaintiff Incorrectly Relies On Defendants' Purported Lack Of U.S. Trademark Rights And Fails To Plausibly Plead That He Did Not Register, Traffic In, Or Use A Domain Name That Is Identical Or Confusingly Similar To A Distinctive Mark.

Plaintiff's Complaint contains no allegations concerning the distinctiveness (or lack thereof) of Defendants' MERIT trademark at the time of the domain name's registration. Instead, Plaintiff alleges only that Defendants do not have a registered U.S. trademark to which the <merit.bet> domain is similar and do not sell goods or provide services in the U.S. under any trade or service mark which is identical or confusingly similar to <merit.bet>. [Compl. ¶¶ 24–26] Ostensibly, in Plaintiff's view, these allegations establish that Plaintiff did not "register, traffic in, or use a domain name that is identical or confusingly similar to a distinctive mark." But these allegations say nothing with respect to the relevant question: did the plaintiff "register, traffic in, or use a domain name ***identical or confusingly similar to a distinctive mark***." *Smith*, 2024 WL 5166340, at *2 (emphasis added); *IFIXITUSA LLC*, 2022 WL 2117845, at *6 (noting that Plaintiffs can establish they have not violated § 1125(d) by showing that the mark at issue is not distinctive). Here, Plaintiff's lack of even conclusory allegations concerning the distinctiveness of Defendants' mark requires dismissal.

Moreover, to the extent Plaintiff's claims turn on Defendants' purported lack of trademark rights in the United States, public records (subject to judicial notice) show otherwise. As discussed above, the USPTO records demonstrate that, before this action was

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

filed, and before Plaintiff purchased the <merit.bet> domain, Merit Turizm filed an application to register its MERIT trademark in the United States pursuant to Section 66(a), based on International Registration No. 1826664. That application shows an October 18, 2024 application filing date, an October 1, 2024 Section 67 priority claim, approval for publication on November 24, 2025, and publication for opposition on December 23, 2025. [Ex. D] The USPTO record further shows that the mark later issued on the Principal Register as U.S. Registration No. 8,349,962 for casino gaming, casino gambling, online casino games of chance, and accommodation services. [*Id.*] The public record therefore undermines Plaintiff's allegation that he did not register or traffic in a confusingly similar domain because Defendants lacked U.S. trademark rights at the time Plaintiff purchased the domain.

The Court need not accept Plaintiff's contrary allegation as true where it is contradicted by judicially noticeable records. *GovernmentGPT Inc.*, 769 F. Supp. 3d at 977. Accordingly, to the extent that Plaintiff's Complaint relies on Defendants' purported lack of U.S. trademark rights at the time the domain name was acquired to establish that he did not register or traffic in a domain name that is confusingly similar to a distinctive mark, this allegation is undermined by public records. Plaintiff has not stated a plausible claim under § 1114(2)(D)(v). The claim should be dismissed under Rule 12(b)(6).

**B. Plaintiff Fails To Plausibly Plead That He Lacked A Bad-Faith Intent To Profit From Defendants' Mark.**

Plaintiff does not plead facts plausibly alleging a lack of bad faith. Plaintiff alleges no intellectual property interest in the domain and admits that he bought <merit.bet> for a "premium" price, that he is in the business of registering domain names, and that he holds domain names "for sale or lease." [Compl. ¶¶ 8–10] These admissions track an ACPA bad-faith factor: an "offer to transfer, sell, or otherwise assign the domain name . . . for financial gain" without bona fide use. *See Smith*, 2024 WL 5166340, at *4 (finding complaint failed to allege bad faith where plaintiff failed to allege any intellectual property interest in the domain name and other allegations suggested bad faith). Plaintiff then pleads only conclusory assertions that his use was "bona fide" and "fair or otherwise lawful," without factual

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

allegations identifying any actual bona fide use of <merit.bet> in its dictionary sense. [Compl. ¶¶ 17, 19] Such conclusory assertions do not plausibly allege lack of bad faith under § 1114(2)(D)(v). *See Smith*, 2024 WL 5166340, at *4 (disregarding plaintiff's statement that he "has the legal right to use" the mark when evaluating bad faith at the motion to dismiss stage).

Notably, Plaintiff's conclusory allegations concerning his lack of bad faith are also directly contradicted by public records subject to judicial notice at the motion-to-dismiss stage. In particular, Plaintiff's suggestion that he purchased <merit.bet> in good faith because he is in the business of purchasing domain names corresponding to non-distinctive and non-exclusive dictionary words and phrases is directly contradicted by his organization's trademark filings. That Arnica sought to register a stylized MERIT trademark identical to Defendants' stylized MERIT trademark in both the UK and Brazil undermines any allegation that Plaintiff's registration of the domain was bona fide, that Plaintiff lacked bad faith, and that Plaintiff acquired the domain because "merit" is a dictionary word. The UDRP panel noted as much, observing that the disputed domain names, including Plaintiff's, resolved to websites that have used, or redirected to websites using, a logo that is a close replica of Defendants' MERIT logo.

In sum, Plaintiff has failed to plausibly allege that he either (1) did not register, traffic in, or use a domain name that is identical or confusingly similar to a distinctive mark; or (2) lacked a bad-faith intent to profit from Defendants' mark. Accordingly, the reverse domain name hijacking claim should be dismissed for this reason as well.

## III. PLAINTIFF'S REQUESTS FOR DAMAGES, STATUTORY DAMAGES, FEES, AND EXTRA-STATUTORY DECLARATIONS MUST BE DISMISSED BECAUSE THEY FALL OUTSIDE THE REMEDIES AVAILABLE UNDER § 1114(2)(D)(V).

When a plaintiff prevails on a § 1114(2)(D)(v) claim, the statute permits the court to grant injunctive relief "including the reactivation of the domain name or transfer of the domain name to the domain name registrant." *Smith*, 2024 WL 5166340, at *2 (quoting 15 U.S.C. § 1114(2)(D)(v)). Under its plain language, 15 U.S.C. § 1114(2)(D)(v) does not create an open-ended damages action or allow for a broad declaration of rights untethered to the challenged

domain transfer. Similarly, 15 U.S.C. § 1114(2)(D)(iv) allows for damages, including costs and attorneys' fees, and injunctive relief limited to reactivation or transfer of the domain name.

Here, Plaintiff seeks sweeping relief beyond the remedies available under § 1114(2)(D)(iv) and § 1114(2)(D)(v), including declarations that Defendants have no protectable U.S. trademark rights, that Plaintiff is entitled to registration, ownership, and use of <merit.bet>, that Defendants unlawfully interfered with Plaintiff's rights, as well as statutory damages as the Court deems proper. [Compl.. Prayer for Relief ¶¶ A–H] Neither § 1114(2)(D)(iv) nor § 1114(2)(D)(v) by their plain language provides for statutory damages on a reverse domain name hijacking claim. *See* 15 U.S.C. § 1114(2)(D)(iv) (allowing recovery of damages, costs, attorneys' fees, and injunctive relief); *id.* § 1114(2)(D)(v) (allowing registrant to seek a declaration that his registration is not unlawful under the ACPA and obtain injunctive relief). Moreover, because Plaintiff fails to allege a claim for fraud in domain name proceedings under 15 U.S.C. § 1114(2)(D)(iv), any claim for damages, costs, and attorneys' fees must also be dismissed.

**Relief Requested**

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Dismiss, enter judgment in favor of Defendants, and dismiss Plaintiff's Complaint with prejudice.

DATED this 12th day of November, 2026.

FAEGRE DRINKER BIDDLE & REATH LLP

By: s/ Kathryn E. Bettini
Kathryn E. Bettini
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251

Attorneys for Defendants

Filed electronically with the Court and served on parties of record by the Court's CM/ECF system this 12th day of November, 2026.

s/ Mary Ann Villa

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850

**LOCAL RULE 12.1(c) CERTIFICATION**

I, Kathryn E. Bettini, hereby certify that, before filing Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion"), counsel for Defendants notified counsel for Plaintiff as to the issues asserted in the Motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

s/ Kathryn E. Bettini
Kathryn E. Bettini

Faegre Drinker Biddle & Reath LLP
4800 North Scottsdale Road, Suite 2200
Scottsdale, Arizona 85251
(480) 643-1850